# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **H.P. and C.M.**

**No. 19-1155** (Wood County 19-JA-69 and 19-JA-70)

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Custodian W.C., by counsel Heather L. Starcher, appeals the Circuit Court of Wood County's November 12, 2019, order denying his motion to set aside the dispositional order and reconvene the dispositional hearing in regard to the termination of his custodial rights to H.P. and C.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel James Wegman, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Courtney L. Ahlborn, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his custodial rights without first considering less-restrictive alternatives.[2]

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, it should be noted that although petitioner is not the biological parent of either child, the circuit court's dispositional order terminated petitioner's parental rights. West Virginia Code § 49-4-601(b) permits a petition to be filed against "each parent, guardian, *custodian*, or person standing *in loco parentis* [that] is alleged to have abused or neglected the child." (Emphasis added). Given that petitioner is not the children's parent and, instead, exercised custody over the children, this memorandum decision will refer to the termination of his custodial rights, as opposed to parental.

[2] Petitioner lists three other assignments of error in his brief on appeal: that the circuit court erred in (1) terminating his post-adjudicatory improvement period, (2) denying his motion to continue the dispositional hearing, and (3) denying his motion for a post-dispositional improvement period. While petitioner provided the correct standard of review and generally cited caselaw standing for the proposition that parents are entitled to the custody of their children, he provides absolutely no citation to caselaw that is relevant to the issues he argues. Indeed, other than citing to the aforementioned caselaw in an introductory paragraph to his argument section, petitioner fails to supply a single citation under any of the headings corresponding with his first

(continued . . .)

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2019, the DHHR filed a child abuse and neglect petition against petitioner and his girlfriend, the mother of the children at issue. Specifically, the DHHR alleged that petitioner perpetrated physical abuse upon H.P. and C.M. An amended petition was filed later that month, adding allegations that petitioner failed to provide the children with appropriate housing, abused substances such that his parenting skills were impaired, physically abused both children, and had untreated mental health issues that affected his parenting skills.

The circuit court held an adjudicatory hearing in May of 2019. Petitioner stipulated to the allegations contained in the petition, including that he failed to provide appropriate housing, abused substances, physically abused the children, and had untreated mental health issues that affected his parenting. The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and granted him a post-adjudicatory improvement period.

---

three assignments of error. This failure is in direct contravention of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requiring that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Because petitioner's brief with regard to these three assignments of error is woefully inadequate and entirely fails to comply with Rule 10(c)(7) of the Rules of Appellate Procedure, we decline to address them on appeal.

At a status hearing in August of 2019, the circuit court was advised that petitioner was not compliant with the terms and conditions of his improvement period. Specifically, petitioner failed multiple drug screens, missed appointments with service providers, was disrespectful to service providers, and missed visitations with the children. Accordingly, the circuit court terminated petitioner's improvement period but ordered that petitioner continue participating in services and be given a bus pass.

In October of 2019, the circuit court held a dispositional hearing. Petitioner failed to attend but was represented by counsel. Petitioner's counsel moved the circuit court to continue the hearing based upon petitioner's absence, but the circuit court denied the motion. The DHHR presented the testimony of a licensed psychologist who performed a parental fitness evaluation on petitioner. The psychologist testified that petitioner exaggerated symptoms to make himself look sympathetic or impaired and "endorsed almost every trait or characteristic of known child abusers." The psychologist further noted that petitioner failed to acknowledge any wrongdoing, claimed "it was all [H.P.'s] fault," and claimed that any injuries to H.P. were the product of petitioner's defending himself against H.P. Essentially, petitioner "denied any violence against [the children;] . . . denied any substance abuse; [and] denied pretty much all the allegations in the case." Therefore, the psychologist opined that petitioner had an "extremely poor likelihood" of correcting the conditions of abuse and "presented a danger to children." At the close of evidence, the circuit court terminated petitioner's custodial rights upon finding that there was no reasonable likelihood that he could correct the conditions of abuse and neglect in the near future and that termination of his custodial rights was necessary for the children's welfare.

Before the entry of the dispositional order, petitioner filed a motion to set aside the dispositional order and reconvene the dispositional hearing. During a November of 2019 hearing on that motion, petitioner argued that the dispositional order be set aside due to his absence at the October of 2019 dispositional hearing. The circuit court ordered that petitioner could testify, stating "whatever [his] testimony would've been . . . I'm letting [him] state those today as to why I should grant your [motion]." However, petitioner did not testify or offer the testimony of any witnesses. Rather, his counsel proffered that petitioner desired to elicit testimony from other witnesses regarding the child H.P.'s behavior. As such, the circuit court denied petitioner's motion to set aside the dispositional order. Petitioner appeals from the November 12, 2019, order denying his motion to set aside the dispositional order.[3]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing

---

[3]The mother's parental rights were also terminated below. C.M.'s father consented to legal guardianship of the child by the grandmother, and the permanency plan for the child is to remain in that legal guardianship. H.P.'s father's parental rights were terminated, and the permanency plan for him is adoption by the same grandmother who has legal guardianship of C.M.

3

court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred in terminating his custodial rights without first considering less-restrictive dispositional alternatives. According to petitioner, the circuit court denied his motion for a post-dispositional improvement period, which would have afforded him the opportunity to continue treatment for substance abuse.[4] Petitioner claims that treatment for substance abuse is a very difficult process which often involves relapses and multiple attempts at recovery. Petitioner also contends that the circuit court should have terminated only his custodial rights given the ages of the children and their placement with a family member. Petitioner argues that this alternative disposition would have permitted petitioner to modify disposition at a later date upon a showing of a change in circumstances. Lastly, petitioner claims that the circuit court erred in refusing to grant him post-termination visitation with the children. Upon our review, we find that petitioner is entitled to no relief.

West Virginia Code § 49-4-604(b)(6) (2019)[5] provides that circuit courts are to terminate custodial rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) (2019) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, the evidence demonstrates that there was no reasonable likelihood that petitioner could correct the conditions of neglect in the near future. At the August of 2019 status hearing, the circuit court was advised that petitioner missed multiple drug screens and tested positive for methamphetamine, amphetamine, and tetrahydrocannabinol ("THC") on the occasions he

---

[4]As noted above, petitioner provided no citation to applicable law in support of his argument that the circuit court should have granted his motion for a post-dispositional improvement period, and we will not address this argument on appeal.

[5]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

submitted to screens. Other reports indicated that petitioner was disrespectful to service providers, missed services, and missed visits with the children. Moreover, the licensed psychologist who performed petitioner's parental fitness evaluation testified that petitioner had an "extremely poor likelihood" of correcting the conditions of abuse and neglect and posed a danger to children in his care. These findings were based on the fact that petitioner denied any wrongdoing, including violence against the children and substance abuse, and blamed the children for the injuries they sustained. We have previously held that

> in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Clearly, by denying any wrongdoing, petitioner failed to acknowledge the existence of the problem or the truth of the allegations against him, thereby rendering the problems of abuse and neglect untreatable. Based on the foregoing, it is clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect and that termination was necessary for the children's welfare. While petitioner claims that the circuit court should have considered a less-restrictive alternative to the termination of his custodial rights, we have previously held that

> "[t]ermination of [custodial] rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Petitioner failed to comply with services and denied any wrongdoing during the proceedings below. Accordingly, the circuit court's findings are fully supported by the record, and we find no error in the termination of petitioner's custodial rights.

Lastly, we find no error in the circuit court's refusal to grant petitioner's request for post-termination visitation with the children. We have previously held that

> "[w]hen [custodial] rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

5

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). On appeal, petitioner fails to cite to any portion of the record demonstrating that he established a close emotional bond with the children or that continued contact would be in the children's best interests. Given that the record does not support continued visitation, we find no error in the circuit court's refusal to grant petitioner post-termination visitation with the children, especially in light of the fact that petitioner continued to deny any wrongdoing. Therefore, petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 12, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison